UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL,<br><br>           Plaintiff,<br><br>    v.<br><br>ROBERT SALINAS,<br><br>           Defendant. | Case No. 24-cv-08818-JD<br><br>**ORDER RE SERVICE**<br><br>Re: Dkt. No. 5 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed in forma pauperis.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials failed to protect her from a physical and sexual assault by another inmate. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

Verbal harassment alone does not necessarily violate the Eighth Amendment. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of 8th Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g., Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

1   "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

**Plaintiff's Allegations**

Plaintiff alleges that, on October 8, 2023, defendant Days coerced her into accepting an incompatible cellmate who had previously assaulted an elderly cellmate and had sexually assaulted other inmates. Plaintiff told Days she felt safe because plaintiff is a transwoman with a disability. Days told plaintiff that it would only be for two days or so and ignored her repeated warnings that she was in danger. Days told plaintiff that if she refused the cellmate, he would issue her a disciplinary violation and threatened her with bodily harm. Plaintiff's previous cellmates who were Christian and heterosexual were allowed to move because they did not want to live with her; however, Days refused to treat plaintiff equally and approve her request to move, due to her being a transwoman and Jewish.

During October 8 to October 21, 2023, the cellmate made sexual threats against plaintiff, threw used condoms at her, and sexually harassed her. During this time, plaintiff alerted defendant correctional officers Mancillas, Perez, Diaz, Muro, and Herrera that she was in danger, and provided medical records that showed a history of sexual abuse. These defendants did not take any action.

Plaintiff told defendant Sergeant Castillo, who ignored her request for a new cell. She also sought assistance from defendant Dr. Salinas to find a new cell, but he repeatedly refused to help. Plaintiff also told his supervisor, defendant Pederson, who also refused to help. Plaintiff spoke with defendant Milton, who dismissed plaintiff's concerns.

On October 21, 2023, the cellmate continued to threaten and sexually harass plaintiff and then grabbed her by the throat and threw her on the bed. Plaintiff screamed for help, while the cellmate threatened to kill her and told her that he was going to rape her. He bit plaintiff, threw her against the wall, and punched and kicked her in the head and face. Plaintiff continued to yell, and then she heard a different voice and the cellmate dropped her, and she lost consciousness. She

3

regained consciousness inside an ambulance.

Plaintiff was taken to the hospital and treated for head trauma, facial trauma, and sexual assault. She was also repeatedly tested for AIDS because the cellmate had been diagnosed with AIDS. Plaintiff presented all of this information regarding her assault to defendant Lt. Poudry, but he ignored her and made derogatory comments, and he and others refused to press charges against the cellmate. Plaintiff was later transferred to a different facility.

**Discussion**

Plaintiff's allegations present an Eighth Amendment claim against Milton, Days, Pederson, Salinas, Castillo, Mancillas, Perez, Diaz, Muro, and Herrera for failure to protect and related state law claims. She also presents an Equal Protection claim against Days.

Plaintiff's brief allegations against Lt. Poudry for ignoring her when she sought to present information to him, fail to state a claim. Plaintiff's allegations of verbal sexual harassment by defendants also fails to state a claim. Plaintiff may present more information regarding how the statements were so egregious or pervasive to state a claim under the Eighth Amendment. Plaintiff's brief allegations of an Americans with Disabilities Act violation also fail to state a claim. In addition, plaintiff identified several other defendants but there are no specific allegations against them in the complaint. Plaintiff may file an amended complaint with more information to address these issues.

**CONCLUSION**

1. Plaintiff's motion to stay discovery (Dkt. No. 5) is denied without prejudice. Plaintiff may engage in discovery once counsel for defendants appears. Service will be ordered on the above defendants and claims. The remaining defendants and claims are dismissed with leave to amend. Plaintiff may file an amended complaint within twenty-eight days to provide more information . Failure to file an amended complaint will result in this case continuing only on the defendants and claims in this order.

2. The Court orders that the follow defendants be served electronically at Salinas Valley State Prison: Sgt. Milton, EOP Sgt. Days, EOP Lead Supervisor Pederson, Dr. Robert Salinas, Sgt. A. Castillo, and Correctional Officers Mancillas, Perez, R. Diaz, Muro, and Herrera.

4

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (Dkt. No. 1), the prior screening order, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. To expedite the resolution of this case, the Court orders:

a. No later than sixty days from the date of service, defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than thirty days from the date the motion was served upon her. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to her pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to her as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   d. If defendants wish to file a reply brief, they will do so no later than fifteen days after the opposition is served upon them.

   e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  4. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

  6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 13, 2025

JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.