UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT SALINAS, et al.,<br>　　　　Defendants. | Case No. 24-cv-08818-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. No. 31 |

Akiva Israel is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This case proceeds with an Eighth Amendment claim that Salinas Valley State Prison Warden Charles Schuyler and correctional officials Melton, Days, Peterson, Salinas, Castillo, Mancillas, Diaz, Muro, J. Gutierrez, J. Gallegos, Russel, and Freeman[1] failed to protect plaintiff from a physical and sexual assault from another inmate, and related state law claims; and with an Equal Protection claim against defendant Days. Defendants Melton, Days, Peterson, Salinas, Castillo, Mancillas, Diaz, Muro, J. Gutierrez, J. Gallegos, and Russel have filed a motion to dismiss the Eighth Amendment claim against eleven of the defendants on administrative exhaustion grounds, and a motion to dismiss the state law equal protection claim, if such a claim has been alleged. Dkt. No. 31. Plaintiff filed an opposition, Dkt. No. 35, and defendants filed a reply, Dkt. No. 36.[2] Dismissal is granted and denied in part.

---

[1] In her operative complaint and related documents, plaintiff spells defendant Peterson's name as "Pederson," spells defendant Diaz' name as "Dias," spells defendant Melton's name as "Milton," and spells Russel's name as "Russell." In this Order, the Court uses the spelling provided by defendants – Peterson, Diaz, Melton, and Russel.

[2] After the reply was filed, plaintiff filed two sur-replies. Dkt. Nos. 37, 38. N.D. Cal. L.R. 7-3(d) provides that once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except if new evidence has been submitted in the reply or a relevant judicial opinion was published after the date opposition or reply was filed. The sur-replies do not meet the

**BACKGROUND**

In the operative complaint, plaintiff makes the following relevant allegations. She is transgender and gay, and perceived by other inmates as transgender and gay. Defendants are aware of plaintiff's sexual identity, and other inmates' perception of her sexual identity. On September 8, 2023, plaintiff was transferred to Salinas Valley State Prison. On October 8, 2023, defendant Days coerced plaintiff into accepting inmate Lichtig as a cellmate, despite knowing that inmate Lichtig had just assaulted his former elderly inmate. Plaintiff told defendant Days that inmate Lichtig posed a threat to her safety because Lichtig was known to assault other inmates, in particular transgender inmates and elderly inmates. Defendant Days threatened plaintiff with a disciplinary report for refusing a cellmate and with the "Green Wall," which refers to a gang made up of prison guards who abuse, harass, and intimidate incarcerated persons. Plaintiff's prior cellmates who were Christian and heterosexual were allowed to move because they did not want to live with her; however, defendant Days refused to treat plaintiff equally and approve her request to move, due to her being a transwoman and Jewish. From October 8 to 21, 2023, inmate Lichtig sexually threatened plaintiff and threw used condoms at her. During this time period, plaintiff told defendants Mancillas, Diaz, Muro, Castillo, Salinas, and Peterson that she could not live safely with inmate Lichtig. Defendant Salinas waited over eight hours to inform defendant Melton, the Prison Rape Elimination Act ("PREA") compliance manager, of plaintiff's report that inmate Lichtig had threatened to rape her. Plaintiff also informed Warden Charles Schuyler, and correctional officers J. Gutierrez, J. Gallegos, Russel, and Freeman that she was in danger from inmate Lichtig. Defendants Mancillas, Diaz, Muro, Castillo, Salinas, Peterson, Melton, Schuyler, Gutierrez, Gallegos, Russel, and Freeman took no action. On October 21, 2023, inmate Lichtig attempted to rape and kill plaintiff. Inmate Lichtig assaulted plaintiff and plaintiff eventually lost consciousness. Plaintiff's hospital medical examination indicated that she had suffered head trauma, altered mental state, abdominal injury which included permanent scarring of tissue, and

---

requirements set forth in Local Rule 7-3(d). Plaintiff did not obtain leave of court to file the sur-replies, and no sur-reply is warranted because the reply brief did not submit new evidence, and the sur-replies did not reference a newly published relevant judicial opinion. *See* Dkt. Nos. 36, 37, 38. However, due to plaintiff's status as a pro se prisoner proceeding pro se, the Court will consider these filings to the extent that they repeat the same arguments from the opposition.

1  facial damage which included bruising, swelling and scarring. The medical team concluded that
2  plaintiff had been physically and sexually assaulted. Dkt. Nos. 1, 23.

3  In the operative complaint, plaintiff alleges that she satisfied the PLRA's exhaustion
4  requirement by filing Grievance No. 468099. Dkt. No. 23 at 3. She attaches portions of
5  Grievance No. Grievance No. 468099 as an exhibit to the operative complaint, and also attaches
6  portions of Grievance No. 476428 and Grievance No. 473452. Dkt. No. 23-3 at 19-68. The
7  operative complaint does not allege that plaintiff filed a claim under the Government Claims Act.
8  *See generally* Dkt. No. 23-3.

9  The Court screened the complaint and found that the allegations that plaintiff told
10  defendants Days, Mancillas, Diaz, Muro, Castillo, Salinas, Peterson, Melton, Schuyler, Gutierrez,
11  Gallegos, Russel, and Freeman that being housed with inmate Lichtig exposed her to danger but
12  these defendants did not take any action stated an Eighth Amendment claim for failure to protect
13  and related state law claims, and that the allegation that defendant Days refused to approve her
14  request to move out of a dangerous cell situation because she is transgender and Jewish stated a
15  cognizable Equal Protection claim. *See generally* Dkt. Nos. 6, 25.

16  **GRIEVANCES**

17  Plaintiff submitted portions of Grievance No. 468099, Grievance No. 476428, and
18  Grievance No. 473452 as exhibits to the complaint. The exhibits indicate the following.

19  Grievance No. 468099 was submitted on October 22, 2023 and grieved the following
20  issue. Between October 10, 2023 to October 21, 2023, plaintiff informed defendant Days, and
21  "started to tell c/o Mancillas & c/o 'Miss B' too," that she and inmate Lichtig were not compatible
22  as roommates, and that she feared for her "wellness." Defendant Days ignored the situation and
23  took no action. As a result, on October 21, 2023, inmate Lichtig tried to rape her, tried to end her
24  life, and assaulted her. Dkt. No. 23-3 at 20-21. Plaintiff listed the following persons as witnesses:
25  //
26  //

27  Some witnesses: Hovanes Maskovian, #BA8840
    A4-150
28  Clinician Salinas

3

> C/O Mancillas
> C/O Perez
> C/O Dias
> Paramedic Royen
> C/O Herrera & Miss B & C/O Muro

Dkt. No. 23-3 at 21.

Grievance No. 473452 was submitted on November 1, 2023, and grieved the following issue.

> Around 10.30.2023 witness Salinas (Victim's EOP clinician) confirmed to Israel he contacted the SVSP PREA Sgt. about sexual misconduct by I/M Jacob Lichtig against Israel prior to 10.21.2023. On 10.23.2023, J. Lichtig brutally assaulted Israel after his FAILED attempt to RAPE her. SALINAS claims he doesn't "recall" said PREA Sgt.'s name, but SALINAS did further confirm said PREA SVSP Sgt. refused to email him back. Due to this reckless disregard for ISRAEL's body and welfare, she was assaulted. This constitutes CRUEL & UNUSUAL PUNISHMENT, a federal Constitutional violation. Pursuant to Penal Code 148.6, ISRAEL herein files an allegation of misconduct by aforementioned departmental peace officer for above IMPROPER P.O. conduct. All staff responses to this box to be sent to MONTEREY RAPE CRISIS CENTER.

Dkt. No. 23-3 at 39-40.

Grievance No. 476428 was submitted on November 6, 2023, and grieved defendant Days' November 6, 2023 attempt to rehouse plaintiff on the EOP unit. Dkt. No. 23-3 at 28-29, 58-59.

**CDCR GRIEVANCE PROCESS**

During the relevant time period, the CDCR provided an administrative appeals process that permitted an inmate to "dispute a policy, decision, action, condition, or omission by the department or departmental staff." 15 Cal. Code Regs. § 3481(a) (eff. Jan. 5, 2022 to Dec. 31, 2024). Inmates could initiate the process by submitting a CDCR 602 Form, commonly referred to as an appeal form. 15 Cal. Code Regs. § 3482(c) (eff. Jan. 5, 2022 to Dec. 31, 2024). Inmates were required to "describe all information known and available to the claimant regarding the claim, including key dates and times, names and titles of all involved staff members (or a description of those staff members), and names and titles of all witnesses, to the best of the claimant's knowledge." 15 Cal. Code Regs. § 3482(c) (eff. Jan. 5, 2022 to Dec. 31, 2024). This process consisted of two levels: (1) a grievance submitted to the Institutional Office of Grievances at the inmate's prison, and (2) an appeal submitted to the Office of Appeals. 15 Cal. Code Regs. §§ 3482(a), 3484(a) (eff. Jan. 5, 2022 to Dec. 31, 2024). A decision from the Office of Appeals of "denied," "granted," "no jurisdiction," "identified as staff misconduct," "pending legal matter," or

"time expired" constituted exhaustion of administrative remedies. 15 Cal. Code Regs. §§ 3483(l). A decision from the Office of Appeals of "redirect," "reassign," "reject," or "disallow" did not constitute exhaustion of administrative remedies. *Id.*

**MOTION TO DISMISS**

**Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**Administrative Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA), 42 U.S.C. § 1997e *et seq.*, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and requires "proper exhaustion" of all available administrative remedies, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Moreover, those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (citation omitted). Even where the prisoner seeks relief not available in

5

grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). The PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010). The particular process by which an inmate exhausts administrative remedies is governed by the prison's own grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007). If the court concludes that the prisoner has not exhausted the prison's administrative process, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119–20.

**Discussion**

Defendants say that plaintiff did not exhaust administrative remedies for her claims against defendants Melton, Peterson, Salinas, Castillo, Mancillas, Diaz, Muro, J. Gutierrez, Schuyler, J. Gallegos, and Russel because the three grievances attached to the complaint are either unrelated to the relevant events or fail to include any detail about the involvement of these eleven defendants. Defendants argue that Grievance Nos. 476428 and 473542 are unrelated to the decision to place inmate Lichtig in plaintiff's cell and inmate Lichtig's October 21, 2023 sexual assault on plaintiff for the following reasons. Defendants describe Grievance No. 476428 as concerning defendant Days ordering plaintiff on November 6, 2023, to return to the same facility where the assault took place. Defendants further argue that while this grievance references defendants Castillo and Salinas, it describes defendants Castillo and Salinas taking actions to keep plaintiff out of her prior facility. Defendants describe Grievance No. 473542 as concerning defendant Salinas' October 30, 2023 attempt to contact the PREA SVSP sergeant, and the sergeant's refusal to email back. Defendants argue that Grievance No. 473542 describes how defendant Salinas took actions to aid plaintiff on October 30, after the assault took place. Defendants do not dispute that Grievance No. 468099 raises the failure-to-protect claim and that it references defendants Mancillas, Salinas, Diaz, and Muro, but say that it exhausts only the claims against defendant Days for the following reasons. First, plaintiff has admitted in her operative complaint (Dkt. No. 23 at 12) that this

6

1  grievance was directly only against defendant Days. Second, Grievance No. 468099 makes no
2  mention of defendants Schuyler, Melton, Muro, Peterson, Gutierrez, Gallegos, and Russel, in
3  violation of 15 Cal. Code Civ. Regs. § 3842(c)(2). Third, Grievance No. 468099's allegations
4  regarding Mancillas, Salinas, Perez, and Diaz -- that plaintiff "started to tell" defendant Mancillas
5  of her housing preferences and that defendants Salinas, Perez, and Diaz were "witnesses" to
6  something are insufficient -- did not provide enough factual specificity to alert the prison to the
7  claims against them. *See generally* Dkt. Nos. 31, 35.

8  Plaintiff says that, to satisfy the PLRA's exhaustion requirement, controlling law requires
9  only that her grievances, liberally construed, alert prison officials of the problem; and that
10 controlling law does not require hyper-technical perfection, pre-litigation naming of each
11 defendant, personal notice to each potential correctional officer defendant of possible lawsuit, or
12 every fact necessary to prove elements of potential legal claims. Based on this understanding of
13 the law, plaintiff argues that Grievance Nos. 468099, 476428, and 473452 suffice to exhaust her
14 administrative remedies against all defendants because these grievances alerted prison officials to
15 the ongoing failure of correctional staff to protect her from danger. Plaintiff argues that Grievance
16 Nos. 468099, 476428, and 473452 satisfied California regulations because she provided as much
17 information as she reasonably could, including the names and roles of staff. In the alternative,
18 plaintiff argues that administrative remedies were effectively unavailable to her because of her
19 "transgender status, hostility encountered, and staff interference;" because prison officials refused
20 to protect her from Lichtig; and because the PREA sergeant did not respond to the PREA report.
21 *See generally* Dkt. No. 35.

22 Plaintiff has not exhausted her administrative remedies for her Eighth Amendment claim
23 against defendants Castillo, Melton, Peterson, J. Gutierrez, Schuyler, J. Gallegos, and Russel. To
24 start, Grievance No. 468099 is the only grievance to exhaust the Eighth Amendment failure-to-
25 protect claim raised in this action. Plaintiff's characterization of the claims in this action and the
26 operative complaint is overbroad. Plaintiff says that she is challenging correctional officials'
27 pattern of failing to protect her, of treating her with deliberate indifference, and of discriminating
28 against her, and so Grievance Nos. 476428 and 473452 exhaust this action's Eighth Amendment

7

because they are evidence of this overall pattern.  But the operative complaint predominantly concerns the decision to assign inmate Lichtig as plaintiff's cellmate and plaintiff's efforts to move cells or otherwise protect herself from assault by inmate Lichtig.  Accordingly, only Grievance No. 468099, which concerns the danger she faced from being celled with inmate Lichtig, exhausts this action's Eighth Amendment claim.

Grievance No. 468099 does not exhaust the Eighth Amendment claim against defendants Castillo, Melton, Peterson, J. Gutierrez, Schuyler, J. Gallegos, and Russel.  Plaintiff has misconstrued the relevant law.  While the primary purpose of the PLRA is to alert prison officials to a problem, the PLRA also requires "proper exhaustion" of a prison's administrative remedies, which is defined as compliance with an agency's deadlines and other critical procedural rules, including the level of detail that must be provided in the grievance.  *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006).  Where the prison's grievance procedures require the inmate to identify or describe the correctional official involved, as is the case here, notifying prison officials of a general problem without identifying the individuals involved is insufficient to satisfy the exhaustion requirement.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("a prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement"); 15 Cal. Code Regs. § 3482(c) (requiring prisoners to provide, to extent possible, either names and titles of all involved staff members or description of those staff members).  Grievance No. 468099 names the following correctional officers: defendants Days, Mancillas, Salinas, Diaz, and Muro, and correctional officers Officer B, Perez, and Herrera.  But Grievance No. 468099 does not refer to, or otherwise describe, any other correctional officers, much less defendants Castillo, Melton, Peterson, J. Gutierrez, Schuyler, J. Gallegos, and Russel.  Accordingly, Grievance No. 468099 does not exhaust the Eighth Amendment claim against these defendants.

Defendants did not demonstrate that Grievance No. 468099 does not exhaust the Eighth Amendment claim against defendants Mancillas, Salinas, Diaz, and Muro.  Grievance No. 468099 can reasonably be read as plaintiff claiming that she told defendant Mancillas that she feared that inmate Lichtig would assault her if they remained cellmates; that defendants Salinas, Diaz, and

8

Muro were present for, and part of, the conversations that she had with defendants Days and Mancillas; and that defendants Mancillas, Salinas, Diaz, and Muro did nothing to address the threat to plaintiff's safety. *See Usher*, 828 F.2d at 561 (at motion to dismiss stage, court required to make all reasonable inferences in favor of plaintiff).

Plaintiff says that administrative remedies were unavailable to her because prison officials ignored her requests for protection from inmate Lichtig and because the PREA sergeant did not respond to defendant Salinas's October 30, 2023 report that plaintiff had been sexually assaulted by inmate Lichtig. What plaintiff describes is her inability to obtain protection from the danger posed by inmate Lichtig, not an inability to access the CDCR grievance process, e.g. submit grievances, have the grievances considered on the merits, and receive responses regarding the grievances. Plaintiff was able to, and did access, the administrative remedy process, filing three grievances -- Grievance Nos. 468099, 476428, and 473452 -- in a three-week period, which appear to have been considered by prison officials.

Consequently, the Eighth Amendment claim against defendants Castillo, Melton, Peterson, J. Gutierrez, Schuyler, J. Gallegos, and Russel is dismissed for failure to exhaust administrative remedies. Dismissal is without prejudice to plaintiff re-filing an action against these defendants after administrative remedies are exhausted. The Court DENIES defendants' motion to dismiss the Eighth Amendment claim against defendants Mancillas, Salinas, Diaz, and Muro for failure to exhaust administrative remedies.

**Government Claims Act**

Defendants say that if the operative complaint alleges a state law Equal Protection claim, the claim should be dismissed for failure to comply with the California Government Claims Act. Dkt. No. 31 at 8. The state law Equal Protection claim is dismissed as moot because the Court did not find that the complaint stated a state law Equal Protection claim.[3] Dkt. Nos. 6, 25.

---

[3] To the extent plaintiff seeks to present a state law equal protection claim under the California Constitution, any such claim is dismissed. Article 1, Section 7 of the California Constitution concerns equal protection under the law. California courts have held there is no private right of action for damages under Article 1, Section 7(a) of the California Constitution. *See Gates v. Sup. Ct.*, 32 Cal.App.4th 481, 516-18 (1995); *see also Wilson v. Merritt*, C No. 1:22-cv-00455-AWI-CDB (PC), 2023 WL 11841522, at *13 (E.D. Cal. April 4, 2023) (plaintiff may not seek damages

**CONCLUSION**

The Eighth Amendment claim against defendants Castillo, Melton, Peterson, J. Gutierrez, Schuyler, J. Gallegos, and Russel is dismissed without prejudice to plaintiff re-filing an action against these defendants after administrative remedies are exhausted. Dismissal is denied for the Eighth Amendment claim against defendants Mancillas, Salinas, Diaz, and Muro for failure to exhaust administrative remedies. The Clerk is requested to terminate Docket No. 31 and terminate defendants Castillo, Melton, Peterson, J. Gutierrez, Schuyler, J. Gallegos, and Russel from this action.

No later than ninety days from the date of service, defendants Days, Mancillas, Salinas, Diaz, and Muro will file a motion for summary judgment or other dispositive motion on the merits of the complaint. The motion must be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and include as exhibits all records and incident reports stemming from the events at issue. If defendants believe the case cannot be resolved by summary judgment, they should inform the Court before the date their summary judgment motion is due. All papers filed with the Court must be promptly served on the plaintiff.

At the time the dispositive motion is served, defendants must also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, must be filed with the Court and served upon defendants no later than thirty days from the date the motion was served upon her. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to her pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

---

directly under Article 1, Section 7 of California Constitution).

If defendants choose to file a reply brief, they must do so no later than fifteen days after the opposition is served upon her. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

All communications by plaintiff with the Court must be served on defendants, or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 19, 2025

JAMES DONATO
United States District Judge