UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AKIVA ISRAEL,

    Plaintiff,

v.

ROBERT SALINAS, et al.,

    Defendants.

Case No. 24-cv-08818-JD

**ORDER**

Re: Dkt. Nos. 41, 42, 43, 44, 46, 47

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court granted and denied in part defendants' motion to dismiss on exhaustion grounds. Several defendants were dismissed, and the remaining defendants were ordered to file a dispositive motion in 90 days. Plaintiff has also filed several motions to appoint counsel and to modify the discovery schedule. Defendants filed a motion to compel plaintiff to attend and meaningfully participate in her deposition, following three unsuccessful attempts to depose her.

**Appointment of Counsel**

Plaintiff requests the appointment of counsel for the limited purpose of representing her at the deposition. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has competently presented her claims, successfully opposed a motion to dismiss, and sought discovery from defendants. Plaintiff has also competently litigated another case in this Court. The issues at the deposition are not complex and it is too early in this case for the Court to determine the likelihood of success on the merits.

1    Defendants note that plaintiff was deposed in two other federal civil rights cases since August

2    2025, ably defending herself and objecting multiple times. Dkt. No. 45, Exs. H, I. The request for

3    appointed counsel is denied.

**Motion to Compel Deposition**

5    Defendants say that they have unsuccessfully attempted to depose plaintiff on three

6    separate occasions. On the first attempt, plaintiff said she was ill. Dkt. No. 46 at 3. The

7    deposition was rescheduled the following week. *Id*. On the second attempt, plaintiff again said

8    she was ill. *Id*. The deposition was rescheduled for the following week where plaintiff refused to

9    participate without her own counsel, stating that she believed the deposition was, "being

10   conducted in bad faith or that was done in manner that unreasonably caused oppression, noise, and

11   embarrassment. . . . " *Id*. Ex. F at 6. Defendants note that in another case in this Court, plaintiff's

12   deposition in June 2025, had to be rescheduled due to plaintiff's mental state. *Israel v. Tomlinson*,

13   Case No. 24-cv-3718 JD, Dkt. No. 39-1 at ¶ 12. Defendants note that during the times when

14   plaintiff stated she was too sick to be deposed, she was completing numerous motions in other

15   cases in this District and the Eastern District. Dkt. No. 46 at 5.

16   The motion to compel is granted. Plaintiff is advised that defendants are entitled to

17   examine her under oath about her claims and allegations. Defendants may schedule a deposition.

18   The Court expects plaintiff to sit for the deposition and answer defendants' questions as required

19   under the Federal Rules of Civil Procedure. If plaintiff does not do that, the Court will impose an

20   appropriate sanction. Sanctions may take the form of issue or claim preclusion, evidentiary

21   preclusion, or outright dismissal of the case.

22   For the foregoing reasons:

23   1.     The motions to appoint counsel (Dkt. Nos. 41, 42, 47) are denied.

24   2.     Plaintiff's motions to continue discovery (Dkt. No. 43, 44) are granted and she may

25   continue seeking discovery from defendants.

26   3.     Defendants' motion to compel plaintiff's deposition (Dkt. No. 46) is granted. The

27   parties are directed to set a date for the deposition within 45 days of this order. If plaintiff does

28   not participate and answer defendants' questions, the Court will impose an appropriate sanction

1   that could include outright dismissal of the case.

2         4.      Plaintiff was previously instructed to provide more information to effectuate
3   service on defendant Freeman.  Dkt. No. 40.  The time to provide additional information has
4   passed and plaintiff has not addressed the issue.  Defendant Freeman is dismissed without
5   prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

6         **IT IS SO ORDERED.**

7   Dated: December 23, 2025

JAMES DONATO
United States District Judge